# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
ATTORNEY GENERAL

Honorable H. A. Jamison, Commissioner,
State Department of Banking
Austin, Texas

Dear Mr. Jamison:　　　　　　　Opinion No. O-6281

　　　　　　　　　　　　　　　　Re: Whether or not a State-chartered
　　　　　　　　　　　　　　　　savings and loan association can par-
　　　　　　　　　　　　　　　　ticipate in the retirement plan of
　　　　　　　　　　　　　　　　the Federal Home Loan Bank System.

　　　　We acknowledge receipt of your request for an opinion
by this department, above subject-matter, as follows:

　　　　　"There has been provided by and through the Federal
　　Home Loan Bank Administration a special retirement pro-
　　gram which originally embraced the officers and employees
　　of the various Federal Home Loan banks, but has recently
　　been extended so as to cause the previous benefits of the
　　plan to be available to the officers and employees of
　　those building and loan associations that are members of
　　the Federal Home Loan Bank System.

　　　　　"The plan provides for a nominal annual premium,
　　part of which is to be paid by the employees and offi-
　　cers of the employing association and part to be paid
　　by the association proper, all under a special trust
　　agreement that has been adopted by duly designated
　　trustees of the fund. It is also provided in the
　　plan that a special premium may be paid covering the
　　prior services of the officers and employees which
　　would involve a rather large outlay of funds or cost
　　on the part of some of our associations. Specifical-
　　ly in a number of cases computation of the premium
　　that would be due in order to establish benefits cov-
　　ering prior service aggregates some $30,000.00 to
　　$40,000.00.

　　　　　"It becomes pertinent for us to determine whether
　　or not such an investment, if it be an investment, is
　　permitted by our laws and if so some direction as to an
　　appropriate entry on the books of the association cover-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable H. A. Jamison - Page 2

ing the outlay of funds. The subject matter is of such importance and in the aggregate involves substantial sums of money that we are constrained to attach hereto a booklet which contains the rules and regulations applicable to the retirement fund of the Federal Home Loan Bank System as well as the by-laws which have been adopted by the trustees of the fund.

"Your attention is directed to Section 38 of the building and loan laws and specifically to that portion of the section which reads as follows:

"'Every association eligible to become a member of a Federal Home Loan Bank under the provisions of the Act of Congress known as the "Federal Home Loan Bank Act," approved July 22, 1932, as amended and as may hereafter be amended, is authorized to do all things as may be required or permitted under said Act, or any amendment thereto, in order to obtain, continue, or terminate such membership; and to assume all the duties, obligations, responsibilities and liabilities and become entitled to all of the benefits provided in said Act, as amended, and as may hereafter be amended.'

"If the quoted section should lend legal support to the act of an association on subscribing for participation in the retirement fund and the payment of necessary amounts to qualify thereunder, then we should like advice as to the entry that should be made by the association as an offset to the use of the funds transmitted to the trustees in behalf of the employees of the association, for such entry will bear a legal significance under other sections of the law which have to do with reserves, undivided profits and operating expenses.

"If it should follow that participation in such a plan as herein referred to is lawful under that portion of Section 38 hereinabove quoted, would it follow that the board of directors would be authorized to charge their reserve or undivided profit account, presuming that the same is in excess of the amount required by law covering the cost of such participation or would it follow that the nature of the transaction is such that the charge or entry would have to be made against

Honorable H. A. Jamison - page 3

the operating expense account? You will no doubt
recognize considerable importance to this phase of
our inquiry for if it should be held that the cost
of participation in the plan must be construed as an
operating expense, then it might follow that a num-
ber of our associations could not participate in the
plan for the absorption of such an expense during a
six or twelve months period might be such as to either
cause a reduction in their dividend rate or cause the
association to conclude not to participate in the pro-
gram.

"Thus in summary, we are inquiring as to whether
or not a State chartered savings and loan association
can participate in the retirement plan of the Federal
Home Loan Bank System and if so whether or not the
cost of participation must be charged to the associa-
tion's operating expense account or may it be charged
to the association's undivided profit or reserve ac-
count provided such accounts are in excess of amounts
prescribed by law and the charge so made will not re-
duce them to amounts less than is prescribed by law."

You have correctly stated the pertinent portions of
Section 37, Article 881a, of the Revised Civil Statutes (Vernon's
Codification), the same being contained in Subdivision 8 thereof.

The Retirement Fund mentioned by you appears to be
created and administered under a declaration of trust, which is
an unincorporated association, composed of certain named Federal
Home Loan Banks, but with a provision for the admission of other
Home Loan Banks assenting to the agreement.

This declaration of trust, according to the printed
prospectus accompanying your inquiry, contains the provision:
"Whereas the establishment of the said Retirement Fund of the
Federal Home Loan Bank System, and the rules and regulations
in connection therewith have been duly approved by the Federal
Home Loan Bank Administration," which we interpret to mean the
undertaking has been duly approved by the Federal Home Loan Bank
Board of the statute. (U.S.C.A. Title 12, Sec. 1437)

It is the opinion of this department that the quoted
portion of Section 37 hereinabove set out does authorize State-
chartered savings and loan associations to participate in the
Retirement Plan of the Federal Home Loan Bank System upon being
eligible and becoming a member of a Federal Home Loan Bank.

Honorable H. A. Jamison - page 4

This answers your first inquiry.

We speak now with respect to your second inquiry. This involves a question of bookkeeping primarily, perhaps, but nevertheless a question of law, as you indicate, is probably involved.

It is the opinion of this department that the deductions from the salaries of employees should, of course, be carried in the accounts as an operating expense, for indisputably it is a part of salaries proper. Likewise, we think the contributions of the employer should be carried as operating expenses. Such item is in the nature of a salary, since it is a part of the emolument for the service, such contribution, along with the deduction from salary, going to make up the fund. It is merely a deferred further remuneration for the employee's service.

The opinion in Byrd v. City of Dallas, 6 S. W. (2) 738, supports this reasoning. In that opinion it is said:

"There is no reason why a city may not engage its servants and employees upon any terms of payment acceptable to both parties. The plan authorized by the statute contemplates in legal effect that as compensation the officers and employees named shall receive the salaries agreed upon to be paid periodically and shall be entitled to participate in the fund provided for pensions according to the statutory plan. The law pertaining to such employment is necessarily a part of the contract of employment and is read into the contract as fully as though it had been actually incorporated therein. * * *. When an officer or employee coming within the statute is employed and evidences his assent to the pension scheme, he thereupon has a binding contract with his employer for the stipulated salary and likewise to be 'entitled to participate' in the fund upon the terms prescribed.

"The right to participate in such fund is therefore not a gratuity or donation in any sense. It is as much a part of the agreed compensation as is the monthly stipend."

Honorable H. A. Jamison - page 5

The fund involved in that case was a city pension fund, and very similar in legal effect to the one under consideration.

Trusting that what we have said is sufficient answer to your inquiries, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By          Ocie Speer
            Assistant

OS-MR

APPROVED
OPINION
COMMITTEE
BY ____
CHAIRMAN